# Murray, Appellant, *v.* Pittsburgh, Cincinnati, Chicago & St. Louis R. R. Co.

*Negligence—Railroads—Master and servant—Air brake—Interstate commerce.*

1. Where a local train operated entirely within the State of Pennsylvania, is employed in a private yard to shift an empty freight car from one track to another, and in doing so the car is attached to the rear end of the train, the mere fact that three cars of the train contained material consigned from points without the State to the owner of the local yard, is not sufficient in itself to sustain a finding that a brakeman injured by an alleged defective brake while riding on the empty car, was engaged in interstate commerce.

2. In such a case, the burden was on the brakeman, in a suit against his employer, the railroad company, to show that at the time of the accident, the main purpose of the switching operation, was to further the delivery of the particular cars in the train consigned from points beyond the State, and this he failed to do.

3. The test of employment in interstate commerce is whether the employee was, at the time of receiving the injury complained of, engaged in interstate transportation, or in work so clearly related to it, as to be practically a part of such traffic.

*Negligence—Railroads—Master and servant—Defective brake.*

4. In an action by a brakeman against his employer, a railroad company, to recover damages for personal injuries, alleged to have been caused by the sudden giving away of a brake wheel, the plaintiff is not entitled to have his case submitted to the jury, where the evidence shows that the giving way of the wheel was due to one or other of three causes for one only of which the defendant was responsible. In such a case the plaintiff is bound to show the cause that fastened the liability upon the defendant, was the proximate cause of his injury.

Argued Oct. 19, 1918.   Appeal, No. 128, Oct. T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1917, No. 1193, on verdict for defendant, in case of Cameron D. Murray v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co., now Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company.   Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ.   Affirmed.

Trespass for personal injuries.   Before COHEN, J.
The court gave binding instructions for defendant.
Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*T. M. Gealey,* with him *A. J. Eckles,* for appellant.—Plaintiff was engaged in furthering interstate commerce at the time of the accident: Louisville & Nashville R. R. Co. v. Parker, 242 U. S. 13; New York Central & H. River R. R. v. Carr, 238 U. S. 260; Penna. Co. v. Donat, 239 U. S. 50; United States v. Union Stock Yards, 226 U. S. 300.

There was evidence, sufficient to submit to the jury, on the question of defendant's negligence: Grand Trunk, etc., R. R. Co. v. Lindsay, 233 U. S. 42.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee, cited: C., B. & Q. R. R. Co. v. Harrington, 241 U. S. 176; Shanks v. D., L. & W. R. R. Co., 239 U. S. 554.

OPINION BY MR. JUSTICE FRAZER, January 20, 1919:
Plaintiff was injured while in the act of setting the handbrake on a freight car as the train crew, of which he was a member, was shifting cars in the yard of the Ætna Chemical Company, at Oakdale in Allegheny

County.    At the time of the accident plaintiff was using a pick handle as a brake stick and the resistance of the brake wheel suddenly giving way, breaking the pick handle, caused plaintiff to lose his balance and fall from the car to the ground between the tracks, and receive the injury complained of.    This action was brought against the railroad company, plaintiff's employer, and his right to recover based on the theory that he was at the time engaged in interstate commerce and that defendant was negligent in allowing the air brake on the car to be out of repair to such extent as to permit a slackening of the brake chain, by reason of which it failed to wind evenly on the brake stem, causing it to slip upon the application of pressure in tightening the brake.    The trial judge directed a verdict for defendant, and plaintiff appealed.

Plaintiff's contention that he was engaged in interstate commerce is based on proof submitted to the effect that three of the cars included in the train contained material consigned from points without the State for delivery to the Ætna Chemical Company.    The train on which plaintiff was working was a local one, running from a point near Carnegie to Primrose, both within the State of Pennsylvania.    Part of the duty of the crew, if requested to do so by the person in charge of the yard, was to shift cars in the various yards located along the road.    The particular car on which the accident occurred was empty and had been standing in the yard of the chemical company for several days.    Its removal to another track was desirable and, in making such transfer, the loaded cars, constituting the train, were not detached, but remained in their position and the empty car coupled to the rear end.    Plaintiff was ordered to "ride the empty car" down the switch and apply the brake at the proper time.    No reason for shifting the car is given; the testimony, however, on behalf of plaintiff showed the train crew was at the time engaged in shifting cars in the chemical company's yard.

Even though we assume three of the cars attached to the train were interstate cars, it does not appear that the work in which the crew, including plaintiff, was employed at that particular time was in connection with interstate commerce. On the contrary, the crew was occupied in the purely local act of shifting cars from one part of the yard to another, as the owner might require, in accordance with the customary duties it performed daily in the various yards along the road. The switching operation was not shown to be incidental to, or made for the purpose of delivering, interstate freight; nor was the crew at the time engaged mainly in the operation of an interstate train. Its primary duties were intrastate and became interstate only as it was from time to time engaged in the delivery of through freight from other states. Accordingly, the burden was on plaintiff to show that at the time of the accident the main purpose of the switching operation was to further the delivery of the particular cars in the train consigned from points beyond the State. That burden he failed to sustain. On the contrary his evidence showed such not to be the purpose. Had the engine been detached from the interstate cars and attached to the empty local car alone certainly it could not be claimed the injury resulted to plaintiff while engaged in interstate commerce. For convenience the engine remained attached to the cars composing the train, which circumstance, in our opinion, neither in fact nor in law changed his employment. In these particulars the case differs from N. Y. C. & H. R. R. R. v. Carr, 238 U. S. 260; Penna. Company v. Donat, 239 U. S. 50; Louisville & Nashville R. R. v. Parker, 242 U. S. 13, and similar cases relied upon by plaintiff. The test of employment in interstate commerce is whether the employee was, at the time of receiving the injury complained of, engaged in interstate transportation, or in work so closely related to it as to be practically a part of such traffic: Shanks v. D., L. & W. R. R., 239 U. S. 556, 558; Chicago, B. & Q. R. R.

v. Harrington, 241 U. S. 177, 180. In cases of this nature the distinction is made between a mere expectation that the particular act done will be followed by other work of a different character and the doing of the act for the express purpose of furthering the transportation of interstate commerce: Louisville & Nashville R. R. v. Parker, supra. This case is without sufficient proof to warrant the jury in finding the switching operation in which plaintiff was engaged at the time of his injury was for the purpose of the delivery of an interstate shipment, as distinguished from a mere local switching operation from one part of the yard to another, pursuant to the daily customary duties of the train crew: Whalley v. Philadelphia & Reading Ry., 248 Pa. 298.

The charge of negligence on the part of defendant is based upon the allegation that the airbrake on the car was in a defective condition and that the defect was easily discoverable had proper inspection been made. Evidence was produced by plaintiff tending to show the car had been in an accident a short time before and, as a result of the mishap, the piston rod, which moves in and out of the air chamber, had become bent to such extent that, on the air pressure being released, it failed to return as it should to its original position, but protruded outward from six to ten inches, creating a slack, and causing the chain to coil upon itself in such a manner as to slip, upon the application of pressure from a tightening of the brake wheel. Granting that the airbrake was out of order or defective in the manner stated, the proofs failed to show this condition was the proximate cause of plaintiff's injury. Plaintiff's witnesses admitted the brake chain might have become loose from several causes, and that this condition and the slipping of the chain as it wrapped around the brake stem is one of the dangers a brakeman is required to guard against at all times during the course of his employment. We find nothing in the record to indicate whether the slipping of the hand brake chain was due to defective piston

or to overworn brake shoes, or to the natural tendency of the chain to slip as it folded over itself in winding around the brake rod.  It is not enough for plaintiff to show his injury might have been due to more than one possible cause, for only one of which defendant is responsible.  He is obliged to go further and show the cause that fastens liability upon defendant was the proximate one and the jury should not be permitted to base a verdict upon a mere conjecture that the injury was caused by one or the other: Bruggeman v. York, 254 Pa. 430.

The judgment is affirmed.