## Smith v. Philadelphia & Reading Railway Co., Appellant.

*Workmen's compensation—Railroads—Death—Interstate or intrastate commerce—Master and servant—Referee's findings—Evidence—Burden of proof—Appeal.*

1. Where compensation awarded against a railroad company by a referee to a wife for the death of her husband, was resisted by the company on the ground that at the time of the death of the decedent, he was in its employ in connection with its interstate commerce business, the burden was upon the company to show this before the referee.

2. If the referee decides that the burden was not met, and makes a finding from which the court of common pleas cannot determine whether the deceased was, or was not, engaged in interstate commerce, the referee's award in favor of the widow will be sustained by the Supreme Court.

Argued February 16, 1920. Appeal, No. 11, Jan. T., 1920, by defendant, from order of C. P. Schuylkill Co., Jan. T., 1919, No. 184, reversing decision of the Compensation Board, which reversed an award of the referee in favor of the claimant, in the case of Amy Smith v. Phila. & Reading Railway Co. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Appeal from decision of the compensation board reversing award of the referee in favor of claimant. Before BERGER, J.

The case turned on whether the deceased at the time of his death was engaged in work incident to interstate or intrastate commerce.

The facts are stated in the opinion of the Supreme Court.

The court below reversed the decision of the compensation board and affirmed the award of the referee in favor of the widow. Defendant appealed.

*Error assigned* was the judgment of the court.

*George Gowan Parry,* for appellant.

*Roscoe R. Koch,* with him *Frank P. Krebs,* for appellee.

PER CURIAM, April 12, 1920:

Payment of the compensation awarded to the appellee for the death of her husband is resisted by the appellant on the ground that at the time of his death he was in its employ in connection with its interstate commerce business. The burden was upon it to show this before the referee: Hench v. Penna. R. R., 246 Pa. 1; Murray v. Pittsburgh, C., C. & St. L. R. R., 263 Pa. 398. Upon the facts as found by the referee he held that the appellant had not met the burden which was upon it. This was reversed by the compensation board, and its action was subsequently reversed by the court below in affirming the award of the referee. The judgment is affirmed on the following from the opinion of the court below directing it to be entered on the award of the referee, for we can say nothing more: "From the findings of the referee we are unable to determine whether the deceased at the time of his injury was engaged in flagging the crossing for the passage of the train engaged in interstate com-

merce, or for the passage of the engine engaged exclusively in intrastate commerce."

Judgment affirmed.