## PHILADELPHIA & R. RY. CO. v. EFFINGER.

(Circuit Court of Appeals, Third Circuit. June 25, 1924.)

No. 3117.

**Master and servant ⊜══278(6)—Evidence held to sustain finding of master's negligence.**

The fact, established by the evidence that plaintiff's intestate met his death by falling through the chute of a hopper car, the door of which opened downward in the floor of the car, and over which he was required to walk in course of duty, where interference of a third party was negatived, authorized an inference that the door was either defective or insecurely fastened, and a finding of negligence of defendant.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action at law by Joseph J. Effinger, administrator of the estate of Thomas J. Effinger, deceased, against the Philadelphia & Reading Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Katzenbach & Hunt, of Trenton, N. J., for plaintiff in error.

Samuel Schneider, of New York City (Humphrey J. Lynch, of New York City, of counsel), for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DICKINSON, District Judge. The parties, plaintiff and defendant, will be designated as they stood at the trial in the District Court, unless otherwise indicated. There are two errors assigned. The first relating to trial rulings on evidence is subdivided under seven heads, and the second is directed to the submission of the cause to the jury. There were no exceptions taken to the charge of the trial judge. Both parties accepted and commended the charge as a correct statement of the law; the plaintiff without qualification, and the defendant on the assumption that the evidence excepted to was properly admitted, and that there was evidence of negligence to go to the jury. None in the first list of assignments are pressed, and they need not be considered.

The plaintiff in error rests its complaint wholly upon the absence of evidence of negligence. The phrase "res ipsa loquitur" has borne the brunt of the argument. Negligence may be a fact to be found by a jury. When it is, it is an inferred fact—a fact inference drawn from other facts and circumstances. It may be in the nature of a sentence pronounced by the law upon the existing facts, as that some acts of commission or of omission are per se negligent acts. Negligence may likewise be imputed to enforce some policy of the law, or may be a fact presumed in the regulation of the burden of proof. Finally, there is a justified presumption, imputation, or inference of negligence from the fact of injury or loss alone, whenever the act from which it resulted, if performed with care, can be, and ordinarily and commonly is, performed without injury or loss to any one. In this the law follows

⊜══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the experience of our everyday lives. "There must have been carelessness or this would not have happened" is an expression everywhere heard and accepted. "Res ipsa loquitur" is a phrase or elliptical expression nominative sometimes of a principle or doctrine of the law, but used also as expressive of an ultimate fact finding, which is a logical fact deduction from other facts and circumstances. The case of a common carrier is typical. If freight committed for carriage is lost, that fact alone makes out a prima facie case against the carrier. Such a ruling finds support in the policy of the law with respect to the responsibility of common carriers. It has support also in the evidentiary rule regulating the burden of proof, as the carrier, having the custody and control of the goods, ought to know what became of them, whereas the shipper is without this information. Finally, it may logically be inferred, in the first instance, that if there had been due care exercised the goods would have been safely carried, because such carriage can be and ordinarily and commonly is safely conducted.

In the instant case there were two facts in controversy which must be found to support the verdict rendered. One was the pure fact of whether the plaintiff's decedent fell or was carried to his death through the chute made by the open door of the hopper of the car over which he was walking; the other was whether the opening of this door was due to what the law characterizes as negligence. The mere fact of the death justified neither an inference of how he met his death nor the negligence of the defendant. The facts and circumstances surrounding the occurrence, however, not only justified, but forced, the conclusion that he was carried down in the slide of the culm over which he was obliged to walk. There is no need to list these evidentiary facts. With this inferred fact found, the question of negligence then becomes analogous to that of one who maintains a trapdoor opening downward as part of a floor over which others are required to walk, and which is left open or opens under the weight of one passing over it. There are only three reasonably possible ways in which to account for the opening of this hopper door. One is negligent construction; another negligent fastening; and the other the act of an outside agency. The facts in evidence negatived the inference of the act of any third party, and for either negligent construction or fastening the defendant was responsible.

The assignments of error are overruled, and the judgment affirmed, with costs.