## LEHIGH VALLEY R. CO. v. PASSINIER.

(Circuit Court of Appeals, Third Circuit. February 27, 1925.)

No. 3225.

1. **Master and servant** ⊗⟹293(12)—**Instructions held to correctly take question of clearance out of case as ground of negligence as to brakeman drawn into narrow clearance between engine and platform.**

In brakeman's action, under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), for injuries sustained while riding on engine, when caught by something protruding from edge of nearby platform and drawn into narrow clearance between platform and engine tank, instructions *held* to sufficiently and correctly withdraw from case question of clearance as a separate and distinct ground of negligence.

2. **Appeal and error** ⊗⟹1050(1)—**In brakeman's action for injuries, error, if any, in admitting testimony that witness had reported need for lights held not prejudicial.**

In brakeman's action, under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), for injuries sustained when caught by something protruding from platform and drawn into narrow clearance between platform and engine tank, error, if any, in admitting testimony of a witness that he had reported a need for lights at such place, *held* not prejudicial.

In Error to the District Court of the United States for the District of New Jersey; Runyon, Judge.

Action by Peter Passinier against the Lehigh Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Collins & Corbin, of Newark, N. J. (George S. Hobart and Edward A. Markley, both of Jersey City, N. J., of counsel), for plaintiff in error.

John A. Matthews, of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The plaintiff brought this suit under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665) to recover damages for personal injuries sustained while in the defendant's employ as a brakeman in its railroad yard at South Plainfield, New Jersey. He had a verdict and to the judgment entered thereon the defendant sued out this writ of error.

Briefly stated, the facts are these: In the morning of May 1, 1923, while it was still dark, the plaintiff was riding with another brakeman on an engine that was backing into to a siding which adjoined a platform used for loading and unloading freight. The floor of the platform was elevated about four feet above the track and the space underneath was walled in with side boards flush to the floor level. The plaintiff stood on the left-hand side of the left-hand step of the engine immediately next to the platform, facing the direction in which the engine was moving, and with a lantern in his left hand he was giving the back-up signal to the fireman who was operating the engine. The other brakeman was standing alongside of him on the same step and was preparing to make a coupling between the tender of the engine and a milk car which was standing on the siding. The engine, backing slowly, came to a stop four or five feet from the end of the milk car. Then, in response to a signal from the plaintiff, the fireman started the engine for the purpose of making the coupling. While this movement was being made something extending from the platform caught the plaintiff's arm and, as a result, he was pulled off the engine step and his body drawn between the engine tank and platform and rolled with the movement of the engine until, an alarm being given, it stopped, and then, on a reverse movement, his body was rolled back until released, thereby causing the very serious injuries of which he complains.

By his statement of claim the plaintiff charged the defendant with negligence in three respects: (a) That it failed to keep and maintain sufficient space between the side of the locomotive and the platform; (b) that it failed to keep the siding or platform lighted; and (c) that it failed to keep the platform in safe condition.

The defendant, by its assignments of error, complains that the court instructed the

jury erroneously on these three issues and particularly on the first involving negligence because of insufficient clearance. It bases its contention on the familiar law of a long line of cases which has been stated by this court in B. & O. R. R. Co. v. Newell, 196 F. 866, 116 C. C. A. 428, in a manner singularly apposite to the facts of this case.

In the cited case Newell, a freight brakeman, when uncoupling cars on a track next to a platform, stepped into the space between the moving cars and platform and was injured. In his suit for personal injuries he averred that the defendant railroad company owed him the duty of giving him a reasonably safe place in which to work and (as in the case at bar) charged it with negligence in maintaining an insufficient clearance between the cars and the platform at the place of the accident. The court, reversing the judgment entered in his favor, found on the evidence that the place in which he received his injuries was not a place in which he was called upon to work and held that while the law imposes on a railroad company the duty of affording its employees a reasonably safe place in which to perform the work they are required to do, it does not impose upon it "a liability of like kind as to every place or situation which could be called dangerous to those who placed themselves within its dangers, under circumstances however casual or unforeseen. Such places cannot be made safe as against accidental or unforeseen happenings. The operative requirements of a railroad prevent their being made so in the respect demanded by the plaintiff." Continuing the court said:

"Manifestly the numerous cases cited on behalf of the plaintiff, to show liability on the part of a railroad company, where structures of any kind are placed so near the tracks upon which trains are run as to endanger those operating said trains, have no application to the present case. The place where those operating the trains—the engineers, firemen, conductors and brakemen— are required to work is, of course, in and upon the train itself, and there can be no doubt as to the duty of their employer not to expose them unreasonably to dangers while operating the train on which they are employed."

The court further said the cited cases distinguish themselves from the one then at bar in that they showed injuries to employees caused by obstructions which the defendants had permitted to remain dangerously close to the places in which they were properly at work.

We have reviewed the Newell Case at this length in order to show—and reaffirm—what it decided, and, by distinguishing its facts from the facts of the case at bar, to distinguish its law from the law applicable to this case. There, Newell, a brakeman, was out of the place of his work and was injured because of the narrow clearance into which he had stepped. Here, Passinier, a brakeman, was in his place—on the engine—and was injured not by stepping into a narrow clearance but by something protruding from beyond the edge of the platform, across the clearance, and, attaching itself to his arm, drawing him into the clearance. It therefore follows that the law of those cases which the court said were, because of the facts, outside of the Newell Case is applicable to the case at bar, and, conversely, the law of the Newell Case on the question of insufficient clearance as a ground of negligence is inapplicable. The narrow clearance in the instant case figured only as a fact of which the defendant was bound to take notice in performing its duty of protecting the plaintiff from things protruding into it while the plaintiff was properly at work on his train. And of the same view evidently was the learned trial judge, who, though not citing the Newell Case, did not instruct the jury on the first charge of negligence,—that of insufficient clearance,—but treating together the first and last charges—insufficient clearance and unsafe condition of the platform— said:

"The main part of the testimony, so far as the negligence is concerned, seems to revolve about something of an unusual nature, something overhanging or impending from the platform. It has been variously described as a splinter, there is some testimony that Mr. Passinier said that he caught his sleeve on a nail, there has been testimony with reference to matters that were laid upon the platform, the planks which served to extend from the platform into the unloading cars; some steel rods have been spoken of; there have been many kinds of materials testified to which apparently had some place on the platform at some part thereof.

"Now, the charge is made in the complaint that there was something of that sort; the charge is made that there were not sufficient lights; the charge is made that there was negligence in the amount of clearance as between the car and the platform. The principal contention, I take it, of the plaintiff, as I understand the evidence, is that it was due to something that caught his sleeve. The fact of the clearance itself was not in the

first instance any· contributing cause; it was something. that caught Mr. Passinier's sleeve. You must determine what that was, if anything. You must determine as to whether that something was a proximate cause of the accident. * *. * "

[1] If, standing alone, this instruction in respect to the clearance as a ground of action was inadequate, then we think the learned trial judge cured the defect by charging the defendant's fourteenth request in its own words, as follows:

"If you find that the alleged splinter, if it existed, was not the proximate cause of the accident and that the plaintiff did not come in contact with any object on the platform, but that he was in some way caught between the tender and the side of the·platform, he cannot recover because he assumed the risk of the dangers resulting from the clearance, whatever it was, between the tender and the platform."

We are of opinion therefore that the learned trial judge put the question of clearance, as a separate and distinct ground of negligence, out of the case and correctly instructed the jury..

[2] The next questions raised by the assignments of error relate to the admission of evidence and the charge of the court on the issue of insufficient lighting. We find that the instructions the court gave the jury on this issue were right and if there be doubt as to the correctness of the court's ruling on the admissibility of the evidence of one witness who testified that he had reported the need of lights, that doubt is set at rest by ·our opinion that, if erroneous, the· ruling was not·prejudicial.

The third and principal allegation of negligence had to do with the defendant's duty· to keep the platform in safe condition in respect to employees operating trains on the adjoining track and its·failure to perform that duty. The evidence on this subject—of which there was a great deal—was directed not to the structure of the platform or its condition of repair but to the things which the defendant permitted to remain upon its floor and protrude beyond its edge, and also to the narrow clearance as affecting the duty of the defendant, having knowledge of it, to guard its employees, when operating a train on the siding, from things extending from the platform toward the train: This testimony was in sharp conflict and was enough to require submission; and, when submitted, it was solely for the jury.

The judgment below is affirmed.