## READING CO. v. BOYER.

(Circuit Court of Appeals, Third Circuit. June 8, 1925.)

No. 3285.

Master and servant ⬤⇒276(2) — Negligence causing death must be affirmatively proved.

A party seeking to recover under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), for death of employee must establish negligence of defendant by affirmative testimony, either of eye witnesses or by surrounding facts and circumstances, and cannot recover where cause of death is not shown, and it may have been due to any one of a number of causes, for some of which defendant is not responsible.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by Annie R. Boyer, as administratrix of the estate of George W. Boyer, deceased, against the Reading Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial awarded.

William Clarke Mason, of Philadelphia, Pa., for plaintiff in error.

Ralph W. Botham, of New York City, and Wilbur A. Heisley, of Newark, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This suit was brought under the Federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) to recover damages sustained by the widow and children of George W. Boyer arising from his death while in the employ of the Reading Company as brakeman. The plaintiff had a verdict and the case is here on the defendant's writ of error.

Being in trespass, the action is based on the defendant's negligence. Its negligence, however, is oddly pleaded. In her statement of claim the plaintiff alleges:

"That the said fellow-servants of plaintiff's intestate who operated the cars that ran over * * * and killed him * * * carelessly and negligently failed to observe cautionary signals set against said train and carelessly and negligently disregarded the same and carelessly and negligently moved said train and suddenly stopped said train, so that by reason thereof, when plaintiff's intestate in the performance of his duty as brakeman thereof was alighting from said train, [he] was thrown under the wheels of the cars thereof and so injured and killed as aforesaid."

Failing at the trial to produce evidence in support of any one of these several allegations of negligence, constituting in the alternative the proximate cause of Boyer's death, the plaintiff abandoned this part of her statement of claim and relied upon another allegation termed at the trial "a contributing cause" of his death as distinguished from the proximate cause. It reads as follows:

"That said injuries and death of plaintiff's intestate was contributed to by the careless and negligent conduct of the defendant in allowing, at the time and place where plaintiff's intestate alighted from his said train, certain deep, wide and dangerous excavations and holes to be and exist in and adjoining the tracks of its said rail-

road, * * * and that plaintiff's intestate, in alighting from his said train, was, by reason of the presence of said holes and excavations, prevented from obtaining a secure footing upon the ground and lost his footing by falling into the same and was thereby thrown beneath the wheels of said train."

At the trial the plaintiff offered no evidence to prove the existence of "deep, wide and dangerous excavations and holes" in and about the tracks (which alone, we think, would have justified the granting of the defendant's motion for a directed verdict), but relied upon the absence of ballast, or the lack of sufficient ballast, between the ties and between the main track and the track of the siding at the place of the accident as negligence. We think a verdict for the defendant could have been directed because of a variance between the allegata and the probata had the motion been pressed on that ground. But the case was tried on the lack of ballast as the negligence constituting the contributing cause of the accident and it was submitted to the jury on undisputed evidence, which was substantially as follows:

The freight train was approaching Sinking Spring, Pennsylvania. At that point the crew were under orders to cut out the twelfth and thirteenth cars and place them on a siding. In order to do that it was necessary for the engineer to slow down the train as it approached the switch and stop at a point where all cars back of those which were to be cut out should remain standing east of the switch. The train was then to be broken at the rear end of the thirteenth car, the forward part of the train including the two cars was to be moved past the switch, the switch thrown, the train backed on the siding and the two cars dropped. Then the engine and accompanying cars were to be moved forward and, on the switch being thrown to its original position, they were to be moved back on the main track and the remainder of the train picked up. Boyer, the brakeman who was to make the cut, was riding in the engine. It was night. On approaching the switch he was seen to take his lantern and pass toward the steps between the engine and the tender. The engineer heard the safety chains drop, which indicated that he was about to alight. This was the last seen or heard of Boyer alive. His mutilated body was found between the main track and siding near the frog and a piece of his clothing was found on a bolt of the second journal box on the first truck of the tank. How he met his death no one knows. Whether in descending the wet steps he fell from the tender, or in alighting he was thrown under the train because of insecure footing in an unballasted place, or, after safely alighting, he was struck through some fault of the railroad company or of his own were questions left to the jury. Until the jury found how he had died, they, of course, could not find the cause of his death, and until they found the cause of his death they could not determine whether it was due to negligence and whether the negligence, if any, was that of the defendant.

There was no evidence which tended to prove how the accident happened. As we have stated, it might have occurred in one of several ways. The only way conceivably involving negligence of the defendant was the lack of ballast between the main track and the track of the siding. We do not concede that lack of ballast in such a place constituted negligence, yet, assuming that it did, there is no evidence which remotely indicates that the decedent "lost his footing and was thrown under the train" because of lack of ballast. As there were other ways in which Boyer might have met his death which did not involve negligence of the defendant, the case falls, we think, within the rule of Murray v. Pittsburgh, etc., R. R. Co., 263 Pa. 398, 403, 107 A. 21, 23, followed by this court in Philadelphia & Reading Ry. Co. v. Cannon, 296 F. 302, wherein the Supreme Court of Pennsylvania said:

"It is not enough for plaintiff to show his injury might have been due to more than one possible cause, for only one of which defendant is responsible. He is obliged to go further and show the cause that fastens liability upon defendant was the proximate one and the jury should not be permitted to base a verdict upon a mere conjecture that the injury was caused by one or the other."

This is but another statement of the old rule that a party seeking to recover damages for injuries occasioned by negligence must establish negligence by affirmative testimony. Of course this does not mean that negligence must always be proved by the testimony of eyewitnesses, Philadelphia & Reading Ry. Co. v. Effinger (C. C. A.) 299 F. 950, but it does mean that it must be established, if not by the testimony of eye witnesses, then by surrounding facts and circumstances which, though in-

animate, speak the truth and affirmatively prove the fact. We cannot find in the record any testimony which tends to prove how Boyer met his death and, accordingly, we have not found any evidence to support the verdict of the jury that his death was occasioned by negligence of the defendant. In reversing the judgment on this ground, we cannot refrain from expressing our regret that there is no Federal Employees' Compensation Act, though which the loss which here fell upon the decedent's wife and children could be met.

The judgment below is reversed and a new trial awarded.