## PHILADELPHIA & R. RY. CO. v. ALLEN.

(Circuit Court of Appeals, Third Circuit. December 29, 1925.)

No. 3345.

1. **Master and servant ⬳286(29)—Evidence of engineer's negligence in failing to stop held insufficient for jury.**

In action under Federal Employers' Liability Act (Comp. St. §§ 8657–8665), evidence as to injury of brakeman, caught where he was not expected to be, between passenger protective fence and engine, held insufficient to go to jury on question of engineer's negligence in failing to stop.

2. **Master and servant ⬳89(1)—Railroad owes no duty to protect employee at place where he is not required to be.**

Under Federal Employers' Liability Act (Comp. St. §§ 8657–8665), railroad, without knowledge of employee's presence at place where he is not required to be, owes no duty of protecting him from its dangers.

In Error to District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action by Anna E. Allen, administratrix of the estate of Francis W. Allen, deceased, against the Philadelphia & Reading Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, and new trial granted.

Edward L. Katzenbach and Louis Rudner, both of Trenton, N. J., for plaintiff in error.

A. Berton Reed, of Brooklyn, N. Y., for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and CLARK, District Judge.

WOOLLEY, Circuit Judge. The widow of Francis W. Allen, suing as his administratrix, brought this action under the Federal Employers' Liability Act to recover damages

for the loss sustained by his death when in the employ of the Philadelphia & Reading Railway Company. 35 Stat. 65, Comp. St. §§ 8657–8665. She had a verdict. The case is here on the defendant's writ of error.

The action is based on the defendant's negligence. Its negligence, however, is oddly pleaded. By her complaint (termed "bill of complaint") the plaintiff charges four separate and distinct acts of negligence, any one of which, if proved, would amount to the proximate cause of the injury, but all of which were tried and submitted on a composite charge of the negligence of the engineer in not making a timely stop. Supplementing these four averments of positive negligence, the plaintiff charges three acts of negligence which she says, "contributed to" the accident. These relate in different ways to the place in which Allen was standing when killed. We are not acquainted with any rule of law in the federal or state courts of this circuit in respect to contributory negligence on the part of one charged with primary negligence as a ground of action, nor are we familiar with any law which allows recovery for an injury based upon any cause other than proximate cause. However, as the court did not submit the case on any of the averred contributory causes, this aspect of the pleading is not important except as it discloses a situation (to be referred to presently) which has a bearing on the court's refusal to grant the defendant's motion for a directed verdict.

The only issue submitted to the jury was negligence on the part of the engineer of the locomotive which struck Allen and therefore the only question urged on this writ of error is whether there was any evidence to sustain that issue. There is little dispute about the facts. They are these:

Allen was a brakeman on one of the defendant's trains moving freight in interstate commerce. His train approached Perkiomen Junction in Pennsylvania on track No. 2. There it stopped. Seven cars were cut out and the engine proceeded with the draft (accompanied by Allen) past the station to a switch from which the engine backed on a siding and dropped the cars. Allen stayed with them to set their brakes while the engine went forward to the switch to regain track No. 2 and be ready, on signal, to return to the train left standing a thousand or more feet down that track. It was night. Allen, when on track No. 4, gave the engineer the "high-ball" with his lantern, a signal to come back and hook up. The engineer then slowly backed the engine on track No. 2 toward the train, knowing that somewhere he would pick up Allen. Opposite the station and between this track and the next there is a passenger protective fence about one hundred feet long and with a clearance of about one foot between fence and passing trains. As the engine backed, two of the defendant's employees stood with lanterns at opposite ends of the rail-sill of the tank. The engine movement being rearward, these men were standing forward and were looking in that direction. The engineer in his cab, seated with his back to the pilot, also was looking in the direction of the rearward movement. Allen, instead of meeting the train before it had reached or after it had passed the fence, evidently made a short cut and either walked around the fence, climbed over the fence, or passed through the gate, and, unfortunately, took a position midway its length and within the narrow clearance between the fence and the on-coming engine. The tank passed him but he was struck and killed by the overhang of the engine.

[1, 2] The issue of negligence specifically submitted to the jury was the failure of the engineer to see Allen or his failure to anticipate his presence at that place and stop the engine before it struck him. The evidence is clear that three men were looking in the direction in which Allen was standing. Of the two on the rail-sill, one did not see him, the other saw him and saw the light of his lantern just as the tank passed him. The engineer in the cab did not see him until the engine struck him, the effect of the blow being to twist him and bring his lantern into view. It is a valid inference that the failure of the three men to see the light of Allen's lantern was due to the position of the lantern seated in the hollow of his left arm and protected by his body from the view of those approaching on his right. Thus on the plaintiff's evidence it is plain that three men, looking in his direction, did not see him. There is no evidence tending to prove that, if attentive, they could have seen him. Should the engineer, mindful that he had to pick up Allen, have anticipated his presence at that place? It was testified that it is not a place where it is usual or customary to pick up men and that because of its obvious danger it is not a place where trainmen go. Moreover, it was testified that Allen was not required to be there in the performance of his duty as brakeman. He could have boarded the train at one or the other of the open spaces at either end of the fence. In the absence of evidence of custom and of

duty on Allen's part to take such a position, we have found nothing in the record on which reasonable men could decide that a prudent engineer should expect that Allen would do a thing which, but for an accident of being discovered, would almost certainly be attended with fatal consequences. We are of opinion, therefore, that the case should not have been submitted to the jury on the issue of the engineer's negligence. Moreover, we are of opinion that the court, being confronted with uncontradicted evidence that Allen's work did not require him to be in the place where he was injured, should have directed a verdict for the defendant on the ground that the railroad company, his master, without knowledge of his presence, did not owe him the duty of protecting him from its dangers. B. & O. R. R. Co. v. Newell, 196 F. 866, 116 C. C. A. 428; Reese v. P. & R. Ry. Co., 225 F. 518, 140 C. C. A. 660; Lehigh Valley R. Co. v. Passinier (C. C. A.) 4 F.(2d) 46.

Notwithstanding the earnest and thorough presentation of the case for the plaintiff, we are constrained to reverse the judgment of the District Court and direct that a venire facias de novo be awarded.