### KENSEY v. CENTRAL R. CO. OF NEW JERSEY.

#### No. 5177.

Circuit Court of Appeals, Third Circuit.

Jan. 3, 1934.

Thomas J. O'Neill, of White Plains, N. Y. (Charles D. Lewis, of White Plains, N. Y., of counsel), for appellant.

William A. Barkalow, of New York City (De Voe Tomlinson, of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Mrs. Eva C. Kensey, administratrix of John Kensey, brought suit against the Central Railroad Company of New Jersey to recover damages for its alleged negligence which it is contended caused the death of said decedent. On the trial the judge granted defendant's motion for a nonsuit; whereupon plaintiff took this appeal, assigning for error the entry of the nonsuit. After argument and due consideration, we are of opinion no error was committed.

The facts in the case were as follows: The decedent, an employee of defendant, was a brakeman of a switching crew in its Allentown yard, where cars brought by incoming trains were classified and distributed so as to form outgoing trains. On the incoming side of the yard were five tracks, and on these a switching engine pushed the incoming cars up to the peak of a hump. After passing the hump, such cars ran by gravity to appropriate tracks—twenty-two in number—from which the desired outgoing trains were subsequently made up and taken away by a road engine and crew. Such being the situation, the court rightly held this was a switching movement, and during such movement the law did not require the air brakes of the draft to be coupled up. In that regard its holding was in accord with United States v. Northern Pacific Ry., 254 U. S. 251, 41 S. Ct. 101, 102, 65 L. Ed. 249, where it was held the act does not apply "where the operation is that of switching, classifying and assembling cars within railroad yards for the purpose of making up trains."

The other question involved was whether the court rightly held there was evidence from which a jury could find the defendant railroad was guilty of negligence.

The facts were that at the time of the accident a draft of cars was being pushed up the side of the hump. The engine stalled, and it was alleged that the starting again of it caused such a violent bump that Kensey was thrown from the car and killed. No one saw him fall, but McLaughlin, the tower man, who was called by the plaintiff as a witness, proved that, when the train started up again, and after it was started, he saw, for the last time, Kensey standing on the brake step of the eighth car holding on to the brake wheel with both hands. He had been on the sixth car when the engine stalled. McLaughlin testified: "He started over the cars after they started moving again.

"Q. Did you see him on the ninth car from the rear? A. Seen him on the eighth car.

"Q. Was that the last you saw of him? A. That was the last I saw of him, standing at the brake on the 8th car."

It will thus be seen that the plaintiff's proofs show the deceased was seen after the draft again started standing on the brake step of the eighth car. Such being the proof, it follows his falling from the car was not caused by the alleged jerk of the engine. In the face of such proof, the cause of the decedent's falling from the brake step was not proven [Reading Co. v. Boyer (C. C. A.) 6 F.(2d) 185 and Philadelphia & R. Ry. Co. v. Thirouin (C. C. A.) 9 F.(2d) 856] and a verdict for plaintiff would have been based on speculation instead of proof, and could not have been sustained. The granting of the compulsory nonsuit involved no error.