William J. GOLDEN

v.

READING COMPANY.

Civ. A. No. 19115.

United States District Court
E. D. Pennsylvania.

Aug. 2, 1957.

Harry A. Demar, Philadelphia, Pa., McElroy, Young, Mahley & Dunn, Syracuse, N. Y., for plaintiff.

Henry R. Heebner, Philadelphia, Pa., for defendant.

## KIRKPATRICK, Chief Judge.

In this case the plaintiff, a freight conductor, recovered a verdict for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The plaintiff's case, as presented to the jury, was entirely based upon the alleged failure of the defendant to furnish a safe place to work.

The yardmaster's office in the defendant's freight yard was on a small hillock near the tracks. The plaintiff, having brought his train into the yard, went to the yardmaster's shanty to deliver his waybills and while there was instructed by the yardmaster to signal to another freight train, lying on one of the yard tracks, not to come out on what was known as the ladder track. The plaintiff could have come down to a point beside the tracks from which he could have given the signal, by means of a short flight of wooden steps and a path, intended for that purpose. Instead, he walked down the bank in front of the shanty, where there was no path, and stood on the top of a bulkhead or cribbing about three feet high made of railroad ties, the purpose of which was to retain the bank. The top tie was rotten, and the plaintiff fell and was injured.

If the law today were as declared by the Circuit Court of Appeals for the Third Circuit in two Federal Employers' Liability Act cases, in which the cause of action asserted was failure to provide a safe place to work, Philadelphia & R. Ry. Co. v. Allen, 3 Cir., 9 F.2d 854, and Philadelphia & R. Ry. Co. v. Thirouin, 3 Cir., 9 F.2d 856, 858, I would be compelled to grant the defendant's motion for judgment notwithstanding the verdict. In the latter case the Court, referring to the plaintiff, said "* * * the law did not require the defendant to protect him from dangers of a place where his duties did not call him."

In the present case the plaintiff's duties did not require him to stand on top of the cribbing in order to signal. He could have used the steps and path perfectly well. The argument of the plaintiff's counsel that there was some emergency which required the plaintiff to take the route he did, so that he could save a few seconds, was mere pretense without the slightest foundation in the evidence. The yardmaster wanted the plaintiff's train to refuel, and the plaintiff's signal was merely to make sure that the Clipper did not get out on the ladder track and block the plaintiff's engine. Both trains were standing still about 700 or 800 feet apart, and the Clipper could not have come out onto the ladder track without throwing a switch. There was nothing to suggest that either train was about to move.

Assuming that the language quoted from the Thirouin case covered the point actually decided and that it stated the law, it seems to me that the principle that the Court stated, namely, that a railroad company owes no duty to provide a safe place for a workman whose duties did not require him to be at the spot where he was injured, has pretty well gone into the discard, and that the controlling question today is whether the railroad could reasonably have anticipated that its employees might be on the spot where an injury occurs. That point the Court submitted to the jury in response to a request by

the defendant's attorney. The Court said, " * * * that really goes to the question of whether the railroad could reasonably anticipate that anybody would use this." The very recent decision in Ringhiser v. Chesapeake & Ohio Ry. Co., 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268 (decided June 10, 1957), goes considerably further than is necessary to go in the present case.

■ While there was no positive evidence in this case that employees had ever been seen standing on the top of the cribbing, the characteristics of the place, and the location of the tracks and the yardmaster's shanty as shown in the plans and photographs, which were before the jury, in my judgment, constituted evidence from which the jury was entitled to find, as it did, that the defendant should have anticipated that an employee would use the cribbing as a place from which to signal to trains on the yard tracks.

The motion is denied.