# NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY ET AL. *v.* HARRIS, ADMINISTRATRIX OF HARRIS.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 276. Argued April 30, 1918.—Decided June 3, 1918.

In actions against a railroad for injuries to employees resulting from its negligence, it has long been the rule of the federal courts that the negligence is to be established affirmatively by the plaintiff.

In proceedings brought under the Federal Employers' Liability Act, rights and obligations depend upon it and applicable principles of common law as interpreted and applied by the federal courts; and negligence is essential to recovery.

Hence it is erroneous in such a proceeding to apply a state statute (Mississippi Code, 1906, § 1985, and Laws 1912, c. 215, p. 290),

making proof of injury by an engine propelled by steam *prima facie* evidence of a railroad's negligence in an action against it for damages.

Under the federal act, there is no cause of action for pain and suffering if the employee die of his injuries without regaining consciousness.

Under that act, no cause of action accrues for the benefit of a dependent mother where the deceased employee leaves a widow who, although she lived apart from him at the time of his death, was neither remarried nor divorced and where the rights and liabilities consequent upon their marriage had not ceased under the local law.

Reversed.

THE case is stated in the opinion.

*Mr. J. Blanc Monroe* with whom *Mr. Monte M. Lemann, Mr. Robert H. Thompson* and *Mr. L. E. Jeffries* were on the brief, for plaintiffs in error.

*Mr. Thomas G. Fewell* and *Mr. C. B. Cameron,* for defendant in error, submitted.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

While employed in interstate commerce by plaintiff in error, a common carrier by railroad then engaging in such commerce, Van Harris a brakeman was run over by the tender of an engine moving in the yard at New Orleans, Louisiana—February 5, 1914. He died within a few minutes without regaining consciousness. Having qualified as administratrix, his mother (defendant in error), charging negligence and relying upon the Federal Employers' Liability Act, sued for damages in a state court for Lauderdale County, Mississippi. A judgment in her favor was affirmed by the Supreme Court without opinion.

The declaration contained no averment of conscious pain or suffering by deceased. It alleged: "That by reason of the negligence hereinabove set out, the defendant railroad company is liable for the killing of said Van Harris and the administratrix is given the right to sue by the Act of Congress, she therefore brings this, her suit, and demands judgment against the defendant for the sum of ten thousand dollars." It further charged that the dead son had been his mother's sole support but contained no reference to his widow.

One witness who claimed to have seen the accident gave evidence tending to show negligence by the railroad; but his presence at the scene was not left free from doubt and other eye witnesses narrated the circumstances differently. Concerning deceased's contributions to his mother's support, she said he was her sole dependence, paid her house rent, gave her something to eat, looked after her, was regularly at work and would bring home thirty or forty dollars a month. Her statements are the only evidence concerning the son's marriage and widow. He duly married Mollie on an undisclosed date; after living together for six months he fell ill and she left; thereafter her whereabouts were unknown to him; she was alive at time of trial (October, 1914); he left no child. Nothing indicates a divorce proceeding. Answering "Do you know whether Mollie ever married anybody else or not?" the witness replied, "I don't know sir; I hear them say she married."

Upon request of the administratrix, the following instructions (among others) were given to the jury:

"No. 1. The court charges the jury for the plaintiff in this case that under the rule of evidence in the State of Mississippi all that is required of the plaintiff in this case is to prove that injury was inflicted by the movement of the defendant's train or engine and then the law presumes negligence and then the burden of proof shifts to the

defendant to prove all of the facts and circumstances surrounding the injury and from those facts so shown exonerate itself from all negligence.

"No. 2. The court charges the jury for the plaintiff that under the rule of evidence under the Mississippi statutes known as the *prima facie* statute all that the plaintiff need prove to entitle her to a judgment or verdict is that the defendant's engine or train caused the injury complained of and then the plaintiff is entitled to a verdict at the hands of the jury unless the defendant has shown all of the facts surrounding the injury and from such facts has shown by a preponderance of the evidence that its servants were not guilty of negligence.

"No. 3. The court charges the jury for the plaintiff that if you believe from the evidence that deceased was injured by the running of defendant's engine, then the burden placed on defendant by the *prima facie* statute cannot be met or overcome by mere speculation or conjecture, but it devolves on defendant the duty of showing by a preponderance of the evidence all of the facts and circumstances surrounding the injury and by such proof thus exonerate itself from negligence."

"No. 8. The court charges the jury for the plaintiff in this case that if your verdict shall be for the plaintiff then it should be in such sum as you may believe from the evidence would fully compensate the deceased for his pain and suffering, if any have been shown by the evidence, and the value of his life reckoned according to the American Mortality table had the deceased survived and that such amount or the measure of same is peculiarly within the province of the jury reckoned as above outlined. And that the law does not require the plaintiff to prove the damages in dollars and cents but the amount thereof is to be fixed by the jury in all not to exceed the sum of ten thousand dollars."

The so-called "Prima Facie Act" of Mississippi set

out below [1] provides, that in actions against railroads for damages proof of injury inflicted by an engine propelled by steam shall be *prima facie* evidence of negligence. Relying upon and undertaking to apply this statute, the trial court gave the quoted instructions; and in so doing, we think, committed error.

The federal courts have long held that where suit is brought against a railroad for injuries to an employee resulting from its negligence, such neglegence is an affirmative fact which plaintiff must establish. *The Nitro-Glycerine Case,* 15 Wall. 524, 537; *Patton* v. *Texas & Pacific Ry. Co.,* 179 U. S. 658, 663; *Looney* v. *Metropolitan R. R. Co.,* 200 U. S. 480, 487; *Southern Ry. Co.* v. *Bennett,* 233 U. S. 80, 85. In proceedings brought under the Federal Employers' Liability Act rights and obligations depend upon it and applicable principles of common law as interpreted and applied in federal courts; and negligence is essential to recovery. *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492, 501, 502; *Southern Ry. Co.* v. *Gray,* 241 U. S. 333, 339; *New York Central R. R. Co.* v. *Winfield,* 244 U. S. 147, 150; *Erie R. R. Co.* v. *Winfield,* 244

---

[1] Mississippi Code 1906, § 1985, as amended by c. 215, Laws 1912, p. 290.

"1985 (1808). *Injury to Persons or Property by Railroads Prima Facie Evidence of Want of Reasonable Skill and Care, etc.* In all actions against railroad corporations and all other corporations, companies, partnerships and individuals using engines, locomotives, or cars of any kind or description whatsoever, propelled by the dangerous agencies of steam, electricity, gas, gasoline or lever power, and running on tracks, for damages done to persons or property, proof of injury inflicted by the running of the engines, locomotives or cars of any such railroad corporations or such other corporation, company, partnership or individual shall be *prima facie* evidence of the want of reasonable skill and care of such railroad corporation, or such other corporation, company, partnership or individual in reference to such injury. This section shall also apply to passengers and employes of railroad corporations and of such other corporations, companies, partnerships, and individuals."

U. S. 170, 172. These established principles and our holding in *Central Vermont Ry. Co.* v. *White*, 238 U. S. 507, 511, 512, we think make it clear that the question of burden of proof is a matter of substance and not subject to control by laws of the several States.

It was also error to give quoted instruction number eight. Since the deceased endured no conscious suffering he had no right of action; and possible recovery was limited to pecuniary loss sustained by the designated beneficiary. *Garrett* v. *Louisville & Nashville R. R. Co.*, 235 U. S. 308, 312; *Chesapeake & Ohio Ry. Co.* v. *Kelly*, 241 U. S. 485, 489.

The act makes the widow sole beneficiary when there is no child and only in the absence of both may parents be considered. The deceased left a widow and although they had lived apart no claim is made that rights and liabilities consequent upon marriage had disappeared under local law. Of course, we do not go beyond the particular facts here disclosed. In the circumstances, proof of the mother's pecuniary loss could not support a recovery.

The judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*