WEBBER *v.* WEBBER.

WILLS—HUSBAND AND WIFE—ESTATES BY ENTIRETIES BEYOND
    POWER OF HUSBAND TO DEVISE—ESTOPPEL.

Where a husband and wife owned a house and lot by the
    entireties, that part of the husband's will giving the wife
    a life estate only in said property was void, and the
    statute (3 Comp. Laws 1915, § 13805) permitting the
    widow to elect to take under the will or under the statute
    has no applicability, since it has nothing to do with
    property beyond the power of testator to devise; and the
    widow, by accepting under the will, was not estopped
    from asserting her title to said property.

Appeal from Jackson; Williams (Benjamin), J.
Submitted November 2, 1921.     (Docket No. 190.)
Decided December 22, 1921.

Bill by Mary Webber and another against Valata
Webber to establish an interest in certain land. From
a decree dismissing the bill, plaintiffs appeal. Af-
firmed.

*John F. Henigan,* for plaintiffs.

*Robert A. Smith,* for defendant.

WIEST, J.     Peter Webber and Valata Webber, as
husband and wife, owned by entirety property known
as 306 Blackstone street, in the city of Jackson, and
Mr. Webber was also the owner of the Webber block
on East Main street.     Peter Webber died, leaving a
will giving his widow a life estate in the Blackstone
street property with the remainder over in fee to his
son, I. Henry Webber, and gave to his widow and son
the joint use of the Webber block.     I. Henry Webber
died intestate, and plaintiffs are his widow and heir

at law. The will of Peter Webber was duly probated in 1905 and Valata Webber was appointed executrix and qualified and served as such until the estate was closed.

The bill filed herein, after stating these facts, alleged that the defendant accepted the provisions of the will by not making a claim of right to take under the statute and has had the full benefit under the provisions of the will, and:

"That, as a matter of equity and fair dealing, having accepted the provisions of the will, which were favorable to her, she has by her conduct and actions estopped herself from repudiating that part of the will which leaves her only a life estate in the property at 306 Blackstone street."

The bill also alleged that defendant claims to be the sole owner of the property in question as survivor of herself and husband. Plaintiffs asked in the bill to be decreed to be the owners of the Blackstone street property subject to defendant's life estate.

Defendant appeared and moved to dismiss the bill on the ground that it stated no case. The circuit judge granted the motion, and the case is brought here by appeal. We are of the opinion that under the allegations of the bill the circuit judge was clearly right. The bill did not allege any agreement between defendant and her husband with reference to the will.

The statute, section 13805, 3 Comp. Laws 1915, permitting the widow to elect to take under the will or a distributive share under the law has no applicability as it has nothing to do with property beyond the power of the testator to devise. When her husband died defendant did not take the property in any sense as a new acquisition; that event freed her estate therein from all possibility of participation by any one. Neither the defendant nor her husband, during his lifetime, were seized of moieties but of entireties.

*Jacobs* v. *Miller,* 50 Mich. 119.    The death of Mr. Webber ended his estate by entirety in this property, and during his lifetime he could no more devise it by will than he could by deed.    *Naylor* v. *Minock,* 96 Mich. 182; *Hubert* v. *Traeder,* 139 Mich. 69.

The part of the will giving the defendant a life estate only in property which at the time the will took effect she owned in fee, was void and did not put defendant to an election and could not, and did not, divest the title of defendant nor vest any title in plaintiffs.

The decree dismissing the bill is affirmed, with costs to defendant.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.