### ROBINSON v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6125.

Circuit Court of Appeals, Sixth Circuit.
March 17, 1933.

A. J. Levin, of Detroit, Mich. (Butzel, Levin & Winston, of Detroit, Mich., and Frederick L. Pearce, of Washington, D. C., on the brief), for petitioner.

J. Louis Monarch, of Washington, D. C. (G. A. Youngquist, Sewall Key, Wm. Cutler Thompson, C. M. Charest, and Frank T. Horner, all of Washington, D. C., on the brief), for respondent.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

Bernard Wurzburger and his wife, Laura Wurzburger, were residents of Michigan from 1910 until his death on July 10, 1925. Prior to September 8, 1916, the effective date of the first federal estate tax (39 Stat. 777), they acquired two pieces of real estate as tenants by the entirety. Upon the death of the husband the Commissioner assessed an estate tax against the properties. The Board of Tax Appeals affirmed (21 B. T. A. 1373), and the petitioner, executor of the husband's estate, appeals, contending that section 302 (e) (h) of the Revenue Act of 1924 (43 Stat. 304, 305 (26 USCA § 1094 note) is unconstitutional, in so far as it requires the inclusion in the gross estate of a decedent of the value of real estate acquired by a decedent and spouse as tenants by the entirety prior to September 8, 1916.

"The clear language of the 1924 statute repels the notion that it has no application to joint tenancies created prior to September 8, 1916." Gwinn v. Commissioner of Internal Revenue, 287 U. S. 224, 53 S. Ct. 157, 158, 77 L. Ed. —— (December 5, 1932). Whether its application in the present case is within the limitations of the Constitution depends upon the existence of a taxable event after September 8, 1916, to which it may attach. The death occurred after that date, and if it was a "generating source of definite accessions to the survivor's property rights," then the tax was constitutionally levied. Such was held to be the effect of the death of the joint tenant in the Gwinn Case and in Third National Bank v. White, Collector, 53 S. Ct. 290, 77 L. Ed. ——. In the latter case, the Supreme Court affirmed the decision of the Court of Appeals [58 F.(2d) 1085] sustaining a judgment of the District Court applying the tax to a tenancy created prior to 1916 [45 F.(2d) 911].

The petitioner relies upon a statement in the Gwinn Case to the effect that under the laws of California the estate could have been terminated by conveyance by either party, through proceedings for partition, or by involuntary alienation by execution. The Third National Bank Case he seeks to distinguish upon the authority of a brief filed in that case, citing Massachusetts cases holding that the rights of the wife in property held by the entirety are subordinate to those of her husband.

It does not seem necessary to examine into the details of the rights of tenants by the entirety under the laws of Massachusetts and California as compared with those in Mich-

igan. The law of Michigan is that prior to the death of one tenant neither can convey "without the other joining in the conveyance." Naylor v. Minock, 96 Mich. 182, 184, 55 N. W. 664; 665, 35 Am. St. Rep. 595. In Tyler v. United States, 281 U. S. 497, 503, 504, 50 S. Ct. 356, 359, 74 L. Ed. 991, 69 A. L. R. 758, it was said: "Before the death of the husband (to take the Tyler Case, No. 428) the wife had the right to possess and use the whole property, but, so also, had her husband; she could not dispose of the property except with her husband's concurrence; her rights were hedged about at all points by the equal rights of her husband. At his death, however, and because of it, she, for the first time, became entitled to exclusive possession, use and enjoyment; she ceased to hold the property subject to qualifications imposed by the law relating to tenancy by the entirety, and became entitled to hold and enjoy it absolutely as her own; and then, and then only, she acquired the power, not theretofore possessed, of disposing of the property by an exercise of her sole will. Thus the death of one of the parties to the tenancy became the 'generating source' of important and definite accessions to the property rights of the other."

 It is also the law of Michigan that an estate by entirety cannot be devised. Webber v. Webber, 217 Mich. 178, 185 N. W. 761. Upon the death, therefore, of the decedent, his wife for the first time ceased to hold her interest in the property subject to the disabilities and qualifications imposed by the grant and became entitled to exclusive possession, use, and enjoyment of the whole property. This was a definite accession to her property rights under the rulings in the Tyler and Gwinn Cases. Cf. O'Shaughnessy v. Commissioner, 60 F.(2d) 235, 237 (6 C. C. A.).

 The second question involved in the case relates to a bank deposit in the joint names of the decedent and his wife, payable to both or either or the survivor. The Revenue Act, section 302 (e), 26 USCA § 1094 note, requires that there be included in the estate of a decedent the entire amount of joint bank deposits, "except such part thereof as may be shown to have originally belonged" to the survivor. No evidence was offered tending to show that any part of this deposit belonged to Laura Wurzburger. The contention is that, in the absence of proof that it did or did not belong to her, the presumption of equal ownership created by the Compiled Laws of Michigan 1915, § 8040, must prevail. Murphy v. Michigan Trust Co., 221

Mich. 243, 246, 190 N. W. 698. It is accordingly contended that one-half of the amount on deposit should have been excluded from decedent's gross estate. But the Revenue Act provides that all of the amount of such deposit shall be included in the decedent's estate, except such part as may be shown to have originally belonged to the survivor. This provision cannot, we think, be vitiated by a state court decision construing a state statute as giving rise to a presumption. Burk-Waggoner Oil Ass'n v. Hopkins, 269 U. S. 110, 46 S. Ct. 48, 70 L. Ed. 183; Weiss v. Wiener, 279 U. S. 333, 49 S. Ct. 337, 73 L. Ed. 720. As said in New Orleans & N. E. R. Co. v. Harris, 247 U. S. 367, 372, 38 S. Ct. 535, 536, 62 L. Ed. 1167, "the question of burden of proof is a matter of substance and not subject to control by laws of the several states." Commissioner v. Olds (C. C. A.) 60 F.(2d) 252, 254, is not to the contrary. All that was held there was that the Board of Tax Appeals had the right to receive evidence that would have been admissible in the courts of the state where the contract was to be performed.

The order of the Board is affirmed.