STANLEY F. WALLACE, PLAINTIFF-APPELLANT, v. DELA-
WARE RIVER FERRY COMPANY OF NEW JERSEY,
DEFENDANT-RESPONDENT.

Argued October 7, 1941—Decided December 29, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
HEHER.

For the plaintiff-appellant, *Bartholomew A. Sheehan.*

For the defendant-respondent, *French, Richards & Bradley*
(*Floyd H. Bradley* and *Blaine E. Capehart*).

The opinion of the court was delivered by

CASE, J. The appeal is by the plaintiff from a judgment
of nonsuit directed against him in the Camden Common Pleas
following the presentation of his case before a jury. Plaintiff
sued to recover for injuries sustained by him in the course
of his employment as a deckhand on a ferry boat operated by
the defendant corporation between the City of Camden and
the City of Philadelphia. The action comes within the field
of *Title* 46 *U. S. C. A.,* § 688 (the Jones Act), and *Title*
45 *U. S. C. A.* §§ 51, 53 and 54 (the Federal Employers' Lia-

bility Act). Section 51 of the latter title provides that every common carrier within its purview shall be liable for injury to or death of any employee "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence in its * * * appliances, machinery, * * * works, boats, wharves or other equipment." The negligence alleged in the complaint was "that the gangplank over which passengers carried by the defendant company walked from the boat to the slip was carelessly, negligently and recklessly permitted to lay on the slip, extending beyond the edge of said slip; that the said gangplank was not properly and carefully fastened at the side of the dock in the place properly reserved for its keeping."

The proof bearing upon the accident stated in the aspect most favorable to the plaintiff is: Wallace was employed by the defendant company as a deckhand. He had been in defendant's employ for thirteen years, four years as a bridgeman at the ferry and nine years as a deckhand. He was familiar with all the work having to do with his job. It was his duty to be forward on deck when the boat was nearing the dock to "hook up" the boat on the starboard side, slide the footboard or gangplank—a familiar appliance about four feet in length and from three to four feet in width—into position for the convenience of foot passengers, open the gate and let the passengers off. The accident happened on the Philadelphia side shortly after seven o'clock P. M., daylight saving time, June 25th, 1936. It was still daylight, the weather was clear and Wallace could see what he was doing. The tide was running. As the boat was being warped into its berth the port side made contact with the dock—or bridge as it is called—and the boat was then propelled squarely into position. No faulty operation of the boat was alleged or proved. Wallace was on the starboard side waiting his opportunity to step to the dock in order to lift and fasten the hook with which the boat was to be held snugly in place and to adjust the footboard. When the starboard side of the boat had come close to the dock and was perhaps six inches therefrom Wallace made the step without first looking where the

movement would place him. The footboard was lying on the dock at that point extending about two inches out from the dock. It was lying flat on the dock as it always did. It is not clear just what happened, but it is inferable that Wallace's balance was not adjusted to the presence of the board. His foot slipped down from the board and was crushed between the boat and the dock.

We find no proof to sustain the allegations of the defendant's duty or of the breach thereof other than as just outlined.

The question as presented by the appellant is whether the facts shown by the testimony were such as to support an inference that the defendant company, through its agents, was negligent in permitting the footboard to lie on the surface of the dock extending slightly over the edge.

The power of the judge to order a nonsuit or direct a verdict does not depend upon the absence of all testimony in opposition to the case in favor of which the rule is made. The test is whether there is any testimony from which the jury can reasonably conclude that the facts sought to be proven are established. *Pellington* v. *Erie Railroad Co.,* 115 *N. J. L.* 589. Had Wallace been a passenger who stumbled over the footboard placed in the way of exit, the problem would be different. Not only was he not a passenger; he was an employee burdened with responsibility concerning that very accessory. He knew that it was and should be at least near to that spot, convenient to him, in the performance of his duty, once the boat was properly moored, to shove it partly to the deck of the boat to facilitate the landing of passengers. The mere presence of the board, without more, will not sustain a charge of negligence. Almost as well might it be said that one who is employed to shovel snow from the sidewalk and who, in the process, stumbles upon the unremoved snow may hold the employer to a common law liability for negligent maintenance of obstacles in a public right of way. Where should the footboard have been? Was there a standard practice and, if so, what? Where, by the long continued practice of the defendant's employees, at that particular ferry, should it have been? Upon what act or word of the defendant or of the defendant's employees did plaintiff have justified

reason to believe the footboard would be elsewhere   These questions are not answered in the proofs. The footboard did not give way under plaintiff's weight. No defect in construction was shown. All that we have is that Wallace, failing to observe what was plainly observable, poised his body to put his foot on the dock, a purpose which he did not and could not accomplish because the footboard was lying on the dock at that spot. Various irresponsive statements appear on the record as having been volunteered by the plaintiff during his examination and as stricken by the court.   Such stricken matter, of course, is not evidence. Appellant's brief contains certain statements, as though of proof, which would be persuasive if they were supported by the proofs, but they are not. Appellant's brief also cites numerous decisions which do not, in our opinion, turn on comparable facts and which there is no point in reviewing.

Negligence is a fact which must be shown. It will not be presumed. *Church* v. *Diffany*, 124 *N. J. L.* 100. The federal holdings under the Federal Employers' Liability Act are likewise that negligence must be affirmatively shown. *New Orleans and N. E. Railroad Co. et al.* v. *Harris*, 247 *U. S.* 367; 62 *L. Ed.* 1167; *Missouri Pacific Railroad Co.* v. *Aeby*, 275 *U. S.* 426; 72 *L. Ed.* 351.

We conclude that the proofs were not sufficient to take the case to the jury and that the judgment of nonsuit was without error.

The judgment below will be affirmed.