ANDREW DI BERNARDO, PLAINTIFF-APPELLANT, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD CO., DEFENDANT-RESPONDENT.

Submitted May 28, 1943—Decided September 16, 1943.

480

For the plaintiff-appellant, *Ward & McGinnis* and *Louis C. Friedman.*

For the defendant-respondent, *John A. Laird.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of nonsuit entered after a trial in the Passaic County Circuit Court, in a suit under the Federal Employers' Liability Act.

Plaintiff-appellant was a freight trucker employed by the defendant railroad company, and alleged that he suffered injuries while unloading freight in interstate commerce and that his injuries were due to the negligence of the defendant. In an amended complaint plaintiff alleged, among other things, that defendant failed to provide a safe place for the work; that defendant failed to provide proper assistance or safe and necessary means to do the work; that proper supervision was lacking; that plaintiff was not informed of the dangers incident to the work; that plaintiff was directed to use a two wheeler hand truck in place of a six wheeler hand truck for the removal of a large and heavy iron wheel or instrument; that defendant instructed plaintiff that the two wheeler hand truck was sufficient and ample for the removal of said wheel; that, by reason of negligent supervision, control and management, while plaintiff was in the act of lifting and removing the wheel, the said "wheel came violently in contact with the body of plaintiff;" that defendant allowed incompetent help and superintendents to direct the work, and negligently gave no warning to permit plaintiff to protect himself from injury, and improperly permitted plaintiff to remove the "contents from the freight car so that the same slipped, fell and came in contact with the plaintiff causing him to be seriously, painfully and permanently injured."

The plaintiff had been employed by defendant as a freight handler from 1914 to December, 1937. The injury was alleged to have been sustained November 8th, 1937, and he testified that he did light work for about two months. The plaintiff was the only witness to the alleged accident, no other testimony being contained in the state of the case. His

testimony is not very clear, but it appears that he, together with four other men, and under the direction of a foreman named McMasters was engaged in unloading a gear wheel from a freight car. Four of the men were lifting or had raised up the gear and the fifth was attempting to slide a two wheel hand truck under one side of it. Two men were on one side of the wheel and two on the other. The purpose was to place the gear wheel on the truck to move it from the car. Plaintiff testified he told the foreman that "it was not fit to use on the two wheel truck." He further testified that "it was too large to handle" on a two wheel truck and that it was the practice "to use the six wheeler for big sized objects."

He further testified:

"Q. Now, how high do you have to lift that gear wheel to put it on a six-wheel truck? A. Twelve inches. About a foot.

"Q. About a foot? A. Yes.

"Q. How high do you have to lift it—did you have to lift that gear wheel in order to get it onto the two wheeler truck? A. Two feet.

"Q. And did you get it up two feet, you and the other men? A. Yes.

"Q. And what happened? A. Well, at the time we was holding the wheel, McMasters come over right on the man that was on the right-hand side and tap him on the shoulder and he sayed 'Here, you, give that man a hand, shove the handle right there,' and he left me alone on one side, and then that was the time that I got that crack right in my back.

"Q. Well, what happened when you felt this crack in your back? A. Well, when I had that strain of my back I told McMasters, and it snapped right in my back, but I stood it a few minutes and then I started to presume to work—started to work again with the pain."

On cross-examination, he testified:

"Q. Now, Mr. Di Bernardo, the way you and the rest of the gang would move these heavy pieces of freight would be to either use a crowbar or stick the front part of the two-wheel truck underneath the freight and pry it up; is that right? A. Yes.

"*Q.* In other words, you would bear down on the handle of the truck? *A.* On the crowbar.

"*Q.* Or on the crowbar? *A.* So you can lift the gear wheel up.

"*Q.* And then shove the plate of the truck under the piece of freight? *A.* Exactly. * * *

"*Q.* But in any event, Mr. Di Bernardo, before you could get any kind of a truck underneath the freight you have to pry it up so as to get the truck underneath it so that the truck can carry the freight; isn't that right? *A.* Yes. * * *

"*Q.* So that what you did on this occasion was to pry up the gear with a crowbar; is that the idea? *A.* Yes.

"Q. Who held the crowbar? *A.* I did.

"*Q.* You held the crowbar? *A.* Yes, it was my duty.

"*Q.* Did anybody else hold the crowbar? *A.* No, it is only one man could use it.

"*Q.* Just you. Were you strong enough to pry up this wheel so that they could get a truck underneath it all by yourself? *A.* I was at that time."

The action is brought under Title 45, U. S. C. A., § 51 of which provides that every carrier within its purview shall be liable for injury to or death of any employee "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence in its * * * appliances, machinery, * * * works, * * * or other equipment."

The negligence charged consists of the conduct of the foreman in directing the fellow workman to change his position, thus leaving plaintiff with a larger share of the weight to support, and also the use of a two wheel truck instead of a six wheel truck. It is said that the use of the two wheel truck required lifting the gear higher. Plaintiff testified, as above stated, that he suggested that the six wheel truck should be used.

But, viewed most favorably to the plaintiff, the testimony does not indicate that the failure to use a six wheel truck, or the absence of his fellow worker caused the strain. The testimony, on the other hand, indicates that the procedure

was usual; that it was the practice to use a two wheel truck to pry up the freight, and that it was also the practice to pry up the freight with a crowbar, as the plaintiff was doing in this instance. The proofs merely indicate that an employee engaged in doing heavy work strained his back while doing such work in the usual way.

As was said in *Wallace v. Delaware River Ferry Co.*, 127 *N. J. L.* 513; *affirmed*, 130 *Id.* 216: "Negligence is a fact which must be shown. It will not be presumed. *Church v. Diffany*, 124 *N. J. L.* 100. The federal holdings under the Federal Employers' Liability Act are likewise that negligence must be affirmatively shown. *New Orleans and N. E. Railroad Co. et al. v. Harris*, 247 *U. S.* 367; 62 *L. Ed.* 1167; *Missouri Pacific Railroad Co. v. Albey*, 275 *U. S.* 426; 72 *L. Ed.* 351."

We conclude that, under the proofs in this case, the judgment of nonsuit was proper.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 16.

*For reversal*—None.