**In re Colleen MOORE.**

No. 04–41797–H2–13.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Jan. 18, 2005.

G. Michael Sharp, Friendswood, TX, for Debtor.

### MEMORANDUM IN SUPPORT OF ORDER (doc # 33)

WESLEY W. STEEN, Bankruptcy Judge.

On December 21, 2004, the Court called this case for a hearing on confirmation of the Debtor's chapter 13 plan and for a hearing on the chapter 13 Trustee's motion to dismiss. The Court took the issues

under advisement. By separate order (which announced that these written reasons would follow) the Court has continued the hearing on plan confirmation, the hearing on the trustee's motion to dismiss, and the hearing on the Debtor's objection to the claim of DaimlerChrysler Services North America ("Chrysler") to January 25.

For reasons set forth below, the Court concludes (i) that adjudication of an objection to a secured claim on less than 2 weeks notice (even if notice was properly given) is inappropriate under the circumstances of this case; (ii) that, absent extraordinary circumstances, the Court will not confirm a chapter 13 plan unless secured and priority claims have been determined at or prior to the confirmation hearing, and (iii) that, absent extraordinary circumstances, if the Debtor and Counsel have not adequately prepared the case for plan confirmation at the initial hearing on chapter 13 plan confirmation, the Court may dismiss the case for unreasonable delay prejudicial to creditors. The dismissal may be with, or without, prejudice, depending on all the facts and circumstances. In this case, the Court has continued the hearings because it finds that special circumstances exist.

## SYNOPSIS

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure (FRBP) establish protocols and procedures for determination of claims that are different from and potentially conflict with the protocols and procedures for confirmation of chapter 13 plans.[1] This memorandum seeks to reduce the potential conflict by bringing local practice into harmony with the protocols and procedures of both claims allowance and plan confirmation, without doing violence to either, while at the same time exercising case management authority to handle an overwhelming caseload, making chapter 13 relief more accessible to (and less expensive for) debtors, and increasing distributions to creditors by reducing wasteful administrative expense. This synopsis looks first at the protocols and procedures applicable to plan confirmation and then at the protocols and procedures related to claims objection.

The Bankruptcy Code vests substantial consequence in confirmation of a chapter 13 plan. The bankruptcy judge confirms a chapter 13 plan after notice and a hearing [2] if the court concludes that the statutory requirements are met.[3] A confirmed plan

> ... bind[s] the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

> Except as otherwise provided in the plan ... the confirmation of a plan vests all of the property of the estate in the debtor ... free and clear of any claim or interest of any creditor.[4]

---

1. "The tension between claims allowance and confirmation of a Chapter 13 plan is obvious: what happens when the treatment of a creditor by the confirmed plan is inconsistent with the allowed claim filed by the creditor?" Lundin, *Chapter 13 Bankruptcy 3d Ed.,* § 233.1. In Part 5 of that treatise, Judge Lundin devotes several hundred pages, including numerous footnotes that exceed 3 printed pages, to trying to reconcile circuit and bankruptcy court decisions related to this "tension". The conflict is substantial enough to have spawned two published opinions of the Fifth Circuit, to date, which Judge Lundin critiques. Regardless of the critique, the treatise is but a treatise while the Fifth Circuit is binding authority.

2. Bankruptcy Code § 1324.

3. Bankruptcy Code § 1325(a).

4. Bankruptcy Code § 1327.

In his treatise, Judge Lundin devotes § 229.1 (63 pages) to advocacy of the position that plan confirmation is fatal to any creditor interests (including liens and security interests) that are not provided for in the plan. As discussed below, this is not the universal position of the circuit courts, and more important it is not the position of the Court of Appeals for the Fifth Circuit, which recognizes the claims allowance process as having at least equal dignity with plan confirmation.

Allowance of claims is governed by protocols and procedures separate from those applicable to plan confirmation. To establish claims in a bankruptcy case, creditors must file proofs of claim under Bankruptcy Code § 501 and FRBP 3001. The claim must be filed within 90 days after the first date set for the creditors' meeting,[5] except for government claims which are deemed timely if filed within 180 days after the bankruptcy petition was filed.[6] A claim thus filed is prima facie evidence of the validity and amount of the claim,[7] and is "deemed allowed" unless a party in interest objects.[8] Unless a contested matter or adversary proceeding is properly filed and adjudicated, a lien or security interest survives the bankruptcy case, notwithstanding a chapter 13 plan or discharge order to the contrary.[9] An objection to claim must be in writing, must be filed, and must be mailed to the claimant at least 30 days prior to the hearing on the objection.[10] If the debtor contends that the value of collateral securing a claim is less than the full amount due, the debtor must file a motion for valuation of the security under FRBP 3012, which requires notice and a hearing, but does not require 30 days' notice.

Some courts, in a procedure that Judge Lundin would apparently approve, attempt to resolve this tension by requiring creditors to take the initiative to object to plan confirmation. If the creditor ignores the plan confirmation process, advocates of that procedure would bind the creditor, notwithstanding the debtor's failure to file an objection to the claim. The plan confirmation notice issued by the chapter 13 trustee in this case appears intended to implement that procedure.[11] That approach, however, inverts the protocol and procedure for allowance of claims; it requires the claimant to take action to avoid disallowance or reclassification of its claim. That approach has been rejected by the Fourth,[12] Fifth,[13] and Eleventh[14] Circuits and by the Bankruptcy Appellate Panel for the Ninth Circuit.[15] The procedures in divisions 1 and 2 of this Court, established by Initial Orders entered in each chapter 13 case are designed to resolve that tension while at the same time managing cases efficiently and expeditiously.

---

**5.** FRBP 3002(c).

**6.** Bankruptcy Code § 502(b)(9), FRBP 3002(c)(1).

**7.** FRBP 3001(f).

**8.** Bankruptcy Code § 502(a).

**9.** *Simmons v. Savell,* 765 F.2d 547 (5th Cir. 1985).

**10.** FRBP 3007.

**11.** *See* "FACTS" paragraph 4 below.

**12.** *General Elec. Capital Auto Lease v. Eron (In re Eron),* 00–2343, 2001 WL 985113 at *1–*2 (4th Cir.2001) (unpublished).

**13.** *Sun Fin. Co. v. Howard (In re Howard),* 972 F.2d 639 (5th Cir.1992), *Simmons v. Savell,* 765 F.2d 547 (5th Cir.1985).

**14.** *Universal Am. Mortgage Co. v. Bateman (In re Bateman),* 331 F.3d 821 (11th Cir.2003).

**15.** *Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy),* 130 B.R. 318 (9th Cir. BAP 1991).

Achievement of those goals requires changes in two customary practices and procedures in this division of the Bankruptcy Court for the Southern District of Texas. First, the trustee's notice of the confirmation hearing must be modified to eliminate current statements that conflict with the Bankruptcy Code and FRBP. Second, Debtors must comply with the requirements of the Initial Order and must take the initiative to prepare cases for confirmation; debtors and debtors' counsel cannot simply react to objections and recommendations by the chapter 13 trustee.

### FACTS

The chronology is important to this decision:

1. **August 19, 2004**—Colleen Moore, (the "Debtor") filed this case under chapter 13 of the Bankruptcy Code. The bankruptcy schedules (docket # 1) listed a 2002 Chrysler Concorde (the "Chrysler Collateral") as property of the estate.[16] The Debtor's plan (docket # 2) proposed to pay Chrysler $11,000, plus interest, in full satisfaction of Chrysler's secured claim.

2. **August 20, 2004**—the Court issued its standard Initial Order (docket # 3). Paragraphs 8 and 9 of the Initial Order attempt to streamline the adjudication of objections to secured claims and the valuation of collateral proposed by the chapter 13 plan. The order provides that if the debtor proposes to pay a creditor less than the full amount of a secured claim (in full satisfaction of the claim), the debtor must file the appropriate pleading and must give notice, at least 20 days prior to the

plan confirmation hearing, that the Court will consider the matter at the confirmation hearing.

3. **August 25, 2004**—DaimlerChrysler Services North America ("Chrysler") filed proof of claim # 1 (the "Proof of Claim") asserting a claim in the amount of $16,117.81 (the "Total Chrysler Claim"). The proof of claim alleged that it was secured by the Chrysler Collateral. Attached to the Proof of Claim is a certificate of service that certifies that the creditor mailed a copy of the proof of claim to the Debtor and to Debtor's Counsel. Chrysler's counsel also filed a notice of appearance and request for service of notices.

4. **November 12, 2004**—the chapter 13 trustee filed into the record a notice of confirmation hearing. On November 14 the federal noticing center certified that the notice was served on the Debtor, on Debtor's Counsel, and on a specified list of parties believed to be all parties in interest and all parties who had requested notice. The notice stated that

... disposition of **secured claims and liens** which are listed in Schedules D or E or in the Chapter 13 Plan shall be determined at this hearing, specifically: allowed claim amounts as required by 11 U.S.C. § 506(a); the existence, validity and perfection of a lien, pursuant to and as required by 11 U.S.C. § 1325(a)(5)(B)(i); and the value of the lien as required by 11 U.S.C. § 1325(a)(5)(B)(ii) and pursuant to 11 U.S.C. § 506(a). Any objections thereto must be filed as objec-

---

**16.** The schedules list two different values for the automobile: $12,000–(Schedule B and E), and $11,000–(Schedule D).

tions to confirmation. [Emphasis in the original.]

The notice made much the same announcement with respect to priority claims and executory contracts. That is, the notice indicated that the court would adjudicate, at the confirmation hearing, "all issues regarding first lien and junior lien holders on Debtor's homestead, including determination of the amount of arrearages, total secured claim and extent of lien...", and with respect to assumption or rejection of any lease or executory contracts to the extent provided for in the plan. With respect to each of these, the notice provided that "Any objection must be filed as objections (sic) to confirmation." This would seem to suggest that the plan provisions would be approved unless a creditor took the initiative to object to plan confirmation.

5. **November 24, 2004**—the chapter 13 trustee filed a motion to dismiss the case for failure to amend the bankruptcy schedules and statement of financial affairs, for failure to amend the Debtor's plan summary sufficiently to allow the trustee to recommend plan confirmation,[17] and for failure to make the payments required by the plan.[18] The federal noticing center certified that notice was served on the Debtor and on Debtor's Counsel, among others.

6. **December 3, 2004**—the chapter 13 trustee filed an objection to confirmation of the chapter 13 plan. The objection states (among other things) that the plan should not be confirmed because it does not meet the requirements of Bankruptcy

Code § 1325(a)(5) for payment of secured creditors. The objection mentions 2 secured claims that are not properly addressed; however, the objection does *not* refer to Chrysler's claim. The federal noticing center certified that notice was served on the Debtor and on Debtor's Counsel, among others.

7. **December 7, 2004**—the Debtor filed an amended plan and an objection to Chrysler's claim to value the collateral at $11,000. The objection is deficient in the following ways:

 a. The objection was not filed timely. The Initial Order requires that the objection be filed at least 20 days prior to the confirmation hearing. This objection was filed only 14 days prior.

 b. The objection does not include the language required by the Initial Order that would give the creditor notice of the hearing to be conducted on December 21, 2004.

 c. The objection recites that it was served on "... all the individuals (sic) entitled to notice as listed below or on the attached mailing matrix." No "individuals" are listed and there is no mailing matrix attached to the document in the record.[19]

8. **December 20, 2004**—the Debtor filed a second amended plan that apparently addresses the trustee's objections to confirmation. No change was made with respect to the Chrysler claim.

**17.** More specificity is not available from the objection.

**18.** The motion to dismiss was amended on December 3 to correct the date of the hearing.

**19.** Presumably Chrysler is an "entity", not an "individual".

9. December 21, 2004—the Court held a hearing on confirmation of the Debtor's chapter 13 plan and on dismissal of the case. The Debtor's objection to the Chrysler claim had not been properly noticed for hearing (as required by the Initial Order) and therefore was not on the Court's calendar. Chrysler's attorney did not appear at the hearing. The Court took all issues under advisement.

a. Debtor's counsel and the chapter 13 trustee reported that all issues except for adjudication of the Chrysler claim had been resolved and with respect to all other issues the trustee recommended confirmation.

b. The chapter 13 trustee's counsel argued that the trustee's notice of plan confirmation gave the secured lender adequate notice of the hearing on its claim and therefore the Court could adjudicate the claim without further proceedings.[20]

## ANALYSIS OF THE INITIAL ORDER AND THE PROCEDURES IT REQUIRES

*Reasons and Authority for the Initial Order*

■ The Initial Order was issued in this case as docket # 3 and was served on the Debtor and on Debtor's counsel. An identical form of order for case prosecution has been issued in all chapter 13 cases filed in this division (and in division H1) of the Bankruptcy Court of the Southern District of Texas since about April, 2004. The purpose of the Initial Order is to manage effectively and economically the several thousand chapter 11 cases that are pending in this division of the Court and to try to manage the adjudication of over 200 chapter 13 cases that are set for hearing each month on "chapter 13 panels" in this division of the Court. The order is issued under authority of Bankruptcy Code §§ 105(a) and (d) and under the Court's inherent authority to manage its docket.

Prior practice in the Southern District of Texas (which the Initial Order seeks to improve) frequently involved continuance (and often multiple continuances) of hearings on confirmation of chapter 13 plans and of hearings on dismissals of chapter 13 cases. Those continuances were necessary because debtors and counsel had simply not prepared the cases for adjudication on the appointed day. Those continuances substantially increased the Court's workload since it substantially increased the number of times that the Court was required to consider each case. While such inefficient procedures might have been tolerable in an era of small caseloads, they impose impossible burdens under current caseloads which require each division of the Court to schedule over 200 cases per month for chapter 13 panels, virtually all of which must be scheduled for a single day. To give even cursory attention to any given case, the Court must insist that cases be properly prepared for hearing at the first hearing date if at all possible. Continuance of the hearing to a second trial date merely increases the number of

---

**20.** More technically, counsel for the chapter 13 trustee acknowledged that the Fifth Circuit holds that a proof of claim is not affected by plan confirmation unless an objection to the claim has been filed. Counsel noted that an objection *had* been filed, it just had not been noticed properly. Counsel argued that the Debtor's failure to give notice of the hearing was not fatal to adjudication of the claim on that day because the notice of confirmation hearing gave notice that all creditors claims would be decided and all collateral would be valued. For reasons set forth more fully below, the Court does not accept that argument.

cases called for hearing the following month and decreases the attention that the Court can give to any case called for hearing. In addition, continuances (and especially multiple continuances) increase the cost of case prosecution, since attorneys must prepare for and must attend multiple hearings. Since a debtor must pay the legal fees and costs of plan confirmation, any wasted effort makes it substantially more expensive and difficult (and might even make it impossible) for a debtor to confirm a plan. Since no funds are disbursed until plan confirmation, delay in plan confirmation delays distributions to creditors, and increases interest charges that run on secured claims until payment is made. Finally, increased costs reduces distributions to creditors.

In summary, the Court issues the Initial Order to try to control its runaway docket, to try to reduce costs for debtors, and to try to increase disbursements to creditors.

*Requirements of the Initial Order With Respect to Cramdown of Secured Claims*

If a debtor's chapter 13 plan proposes to pay a car lender less than the full amount of the claim, the initial order requires the debtor to file an objection to the claim or a motion to value the collateral. The pleading must be filed at least 20 days prior to the confirmation hearing, the pleading must state the date and time of the confirmation hearing, and the pleading must tell the creditor that a response is required at least 5 days prior to the hearing and that the creditor must attend the confirmation hearing. If a response is filed, the Court will use the scheduled date for adjudication of the dispute if there is sufficient time available, or if there is not sufficient time or if the matter is not ready for adjudica-

tion, the Court will use the appearance of counsel as a FRBP 7016 (FRCP 16) scheduling/management conference.

The Initial Order, therefore, requires the debtor to review the proof of claim register in advance of the confirmation hearing (presumably at least 30 days in advance) to see if there are any proofs of claim to which objection should be made or with respect to which motions to value collateral should be filed. Then the Initial Order requires the debtor to file the appropriate pleading timely.

*Treatment of Secured Creditors In a Chapter 13 Plan (Chrysler in this Case)*

One of the common objectives of a chapter 13 plan is to satisfy the lien against a vehicle by paying less than the full balance due on the note. That was one of the Debtor's objectives in this case. The Debtor's chapter 13 plan proposed to satisfy Chrysler's lien by paying the value of the vehicle ($11,000) instead of the balance due on the note (the $16,171.81, Total Chrysler Claim.) Bankruptcy Code § 1325(a)(5) allows the debtor's plan to reduce the lien to amount of the *allowed secured claim* and to pay the present value of that allowed secured claim through the plan.[21] But this "cramdown" is effective only if the chapter 13 plan is confirmed.

*If the Debtor Has Not Timely and Adequately Objected to a Timely and Properly Filed Proof of Claim, the "Allowed Amount" of the Claim is Determined from the Proof of Claim*

 In two published opinions, the Court of Appeals for the Fifth Circuit has held that if a creditor timely and properly files a proof of claim, the "allowed claim"[22] is determined by that document unless the debtor properly objects to the claim.[23]

---

**21.** The creditor can waive that requirement.

**22.** "Allowed claim" is a term of art, *see* Bankruptcy Code §§ 502(a), 506(b), 1325(a)(5).

**23.** *Sun Fin. Co. v. Howard (In re Howard)*, 972 F.2d 639 (5th Cir.1992), *Simmons v. Savell*, 765 F.2d 547 (5th Cir.1985).

The Fifth Circuit also clearly held that filing a chapter 13 plan and notice of a confirmation hearing would not suffice as an objection to a timely and properly filed claim.

■ At the December 21 hearing, the chapter 13 trustee argued that his notice of the confirmation hearing, combined with the Debtor having filed an objection to the claim, was sufficient under the language of the 5th Circuit cases. The Court rejects that argument for a number of reasons. First, it is not clear that the Debtor's objection was properly served on the creditor.[24] Second, the FRBP require 30 days' notice prior to adjudication of an objection to claim, but only 14 days' notice was given, even assuming that any notice was given by the Debtor.[25] Although the Court could adjudicate a motion to value collateral on less than 30 days' notice [26], the Court declines to do so in this case because the Initial Order specifically requires 20 days' notice.[27] And third, the clear purpose of the Initial Order (with respect to valuation of collateral) is to give 20 days notice prior to a status conference or a hearing on valuation of collateral under FRBP 3012. Having made a determination and an announcement of that time frame, the Court sees no reason to reconsider that determination *ad hoc* simply because the trustee's notice of plan confirmation suggests something to the contrary.

Perhaps most important, the trustee's notice of the confirmation hearing is confusing, at best, and probably contrary to established Fifth Circuit jurisprudence. The notice states that

> ... disposition of **secured claims and liens** which are listed in Schedules D or E or in the Chapter 13 Plan shall be determined at this hearing, specifically: allowed claim amounts as required by 11 U.S.C. § 506(a); the existence, validity and perfection of a lien, pursuant to and as required by 11 U.S.C. § 1325(a)(5)(B)(i); and the value of the lien as required by 11 U.S.C. § 1325(a)(5)(B)(ii) and pursuant to 11 U.S.C. § 506(a). Any objections thereto must be filed as objections to confirmation.

It is not clear what the trustee means when he says in his notice of the plan confirmation hearing (doc # 12) that the Court will consider, at the confirmation hearing "disposition of **secured claims and liens** which are listed in Schedules D or E or in the Chapter 13 Plan" and that the Court will consider " ... the value of the lien as required by 11 U.S.C. § 1325(a)(5)(B)(ii) and pursuant to 11 U.S.C. § 506(a)." [28] If the trustee is mere-

---

24. *See* FACTS, paragraph 7(c). Presumably the trustee's counsel had not reviewed the docket prior to making this argument, was unaware of the potential defect, and was not suggesting that merely filing an objection was sufficient without proper service.

25. FRBP 3007.

26. FRBP 3012.

27. Assuming, *arguendo*, that notice was given on December 7, if one allows 3 days for delivery of mail (FRBP 9006(f)), and if one assumes a requirement that a response be filed 5 days prior to the hearing, and if one

does not count weekends in those five days, then one would consider that the objection was delivered December 10 and a response was due December 14, only two *working* days after delivery of the objection. Absent exceptional circumstances, notice that short does not satisfy due process.

28. The Court acknowledges that the trustee provided the Court with a copy of all of its forms prior to using them. Therefore, the Court bears some responsibility for failure to recognize this problem in the form, or this potential interpretation of the form. For failing to recognize the problem, the Court apologizes.

**514**

ly trying to supplement other notices required by FRBP 3007 and 3012, then no harm is done, but the trustee should not argue that the notice has any effect on prosecution of the case. But the last sentence of the paragraph seems to suggest that the debtor's listing of secured claims and liens and the debtor's estimate of the value of collateral will be binding on the creditor unless the creditor objects to confirmation. If that is its intended meaning, then the notice is clearly contrary to *Sun Fin. Co. v. Howard (In re Howard)*, 972 F.2d 639 (5th Cir.1992) and *Simmons v. Savell*, 765 F.2d 547 (5th Cir.1985). The Court sees no merit in the trustee's argument that due process is satisfied by the trustee's notice that claims will be considered at the confirmation hearing. That notice is essentially the same notice that the Fifth Circuit found to be inadequate in *Howard* and in *Simmons*. The clear import of those decisions is that an objection to claim requires a specific statement of which claim is to be adjudicated and when the hearing will be held; a vague statement that all claims will be considered at the confirmation hearing is insufficient.[29]

Since the Debtor had not timely and properly objected to Chrysler's proof of claim, the allowed amount of that claim, on the confirmation date, was the amount stated in the proof of claim: $16,117.81.[30]

*The Requirements for Confirmation of the Debtor's Chapter 13 Plan Have Not Been Proved*

Bankruptcy Code § 1325(a)(5) provides that the Court shall confirm the debtor's plan if the plan proposes to allow the lien to remain in place and to pay the creditor the present value of the allowed amount of the claim. In this case, the Debtor's plan proposed to pay Chrysler $11,000. That amount is less than the present value of the allowed amount of the claim, and therefore the elements necessary for plan confirmation have not been proved.

*Plan Confirmation is Not Appropriate When Secured and Priority Claims are Not Determined*

■ The Court has considered whether the plan might be confirmed notwithstanding failure to object timely to a secured or priority claim. For several reasons, the Court rejects that alternative.

A number of courts have adopted procedures for "tentative" or "provisional" confirmations of chapter 13 plans. While that procedure has much to recommend it, the Southern District of Texas has not adopted it. All plan confirmations in the Southern District of Texas are final dispositions. Therefore, if debtor proposes to pay less than the allowed amount of a secured claim, the plan cannot be confirmed.

Second, confirming a plan when claim objections are not timely made vitiates the objectives of the Initial Order: doing so would increase administrative expenses and waste court time and resources. Confirmation of a plan, reserving determination of the value of the automobile to a later hearing, requires at least one (and maybe two) additional hearings. One would be for valuation of the vehicle and the other would be for "final confirmation" of the plan if the debtor's valuation is not accepted.

Third, presumably the authority to confirm a plan notwithstanding inability to determine the allowed amount of a claim would be to "estimate" the claim. But Bankruptcy Code § 502(c) only authorizes

---

29. The Court will consult with the trustee concerning a revised form of notice.

30. Bankruptcy Code § 502(a), *Sun Fin. Co. v. Howard (In re Howard)*, 972 F.2d 639 (5th Cir.1992), *Simmons v. Savell*, 765 F.2d 547 (5th Cir.1985).

estimation of contingent and unliquidated claims. The vast majority of issues in chapter 13 cases do not involve liquidation of claims, they involve bifurcation of claims under § 506(b).

To reduce administrative expenses and to implement efficient and effective case management, the Court will enforce the provisions of the Initial Order. Priority and secured claims must be determined prior to (or at) plan confirmation.[31]

*The Burden of Proof and of Case Prosecution is on the Debtor*

■ A chapter 13 case can only be initiated by voluntary petition by the debtor or by voluntary conversion by the debtor from another chapter of the Bankruptcy Code. Involuntary chapter 13 cases are not authorized. Therefore, in all chapter 13 cases the debtor is the moving party that is seeking relief from the Court.

It is well established that the burden of proof rests on the party who asserts the affirmative of an issue. *Maxwell Land Grant Co. v. Dawson* (1898[1894]), 151 U.S. 586, 604, 14 S.Ct. 458, 463–464, 38 L.Ed. 279. A plaintiff has the burden of making out his case in order to warrant relief. *New Orleans and N.E.R. Co. v. Harris* (1918), 247 U.S. 367, 38 S.Ct. 535, 62 L.Ed. 1167.

Similarly, the proponent of a Chapter 13 plan has the burden of proof as to its confirmation. *In re Elkind,* 4 C.B.C.2d 687, 11 B.R. 473 (Bkrtcy.D.Colo.1981,

Moore B.J.). *In re Crago,* 4 B.R. 483 (Bkrtcy.S.D.Ohio 1980, Sidman B.J.). [*In re Wolff,* 22 B.R. 510 (9th Cir. BAP 1982).]

■■ Therefore, the party responsible for preparing the case for adjudication at the confirmation hearing, for providing the evidence necessary for the Court to make the appropriate findings to confirm a chapter 13 plan, is the debtor. The appropriate time to sustain that burden of proof is the hearing on plan confirmation.

*Continuances Wreak Havoc on the Court's Docket, Are Expensive and Harmful to Debtors, and Are Harmful to Creditors*

As noted above, each division of the Court hears over 200 chapter 13 cases on a given 13 panel, which is generally a single day each month. That kind of caseload does not allow bankruptcy judges to give each case the kind of consideration that the Supreme Court suggests is necessary: *Till v. SCS Credit Corporation* 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004).[32] One of the purposes of the Initial Order is to require debtors to prepare their cases for adjudication at the initial confirmation hearing, thereby allowing the Court to rule on the evidence at the first hearing instead of having to continue the case from month to month to month. Continuance of even 25% of the cases to the next chapter 13 panel would mean that the next panel would have more than 50 additional cases set for hearing, decreasing

---

**31.** If the district were to adopt generally applicable procedures to begin distributions immediately as interim distributions and delay confirmation until all claims could be determined, the analysis in this opinion might change, since such a policy would apply to all cases, and not just those in which debtor's counsel had filed tardy objections to claims or motions to value collateral.

**32.** "Perhaps bankruptcy judges currently confirm too many risky plans, but the solution is

to confirm fewer such plans …" at 1963. If bankruptcy judges confirm too many risky plans, at least part of the reason must be that it is difficult, if not impossible, to determine whether a plan is feasible or not if the court cannot devote more than a few seconds to each case during a chapter 13 panel. Cases must be properly prepared for the first hearing and large dockets must be pared down by elimination of excessive continuances so that the Court can spend more time on each case.

even further the Court's ability to spend any meaningful time on any case.

Debtor's counsel charge more than $200 per hour. The trustee has counsel and staff that must prepare for each hearing and must attend each hearing. Multiple hearings obviously increase costs. The debtors must pay all such costs as a condition of plan confirmation. Increased costs obviously are detrimental to the debtors.

Creditors cannot be paid until the plan is confirmed. Delay in confirming the plan delays payment to creditors.

The Initial Order was intended to provide a procedure to expedite and to simplify adjudications to reduce the Court's docket, to reduce delays, and to reduce costs.

*Dismissal for Unreasonable Delay Prejudicial to Creditors*

Bankruptcy Code § 1307(c) provides that "on request of a party in interest ... and after notice and a hearing ... the court may convert a case ... to a case under chapter 7 ... or may dismiss a case ... for cause, including ... unreasonable delay by the debtor that is prejudicial to creditors." Bankruptcy Code § 105(a) provides that "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."[33] Bankruptcy Code § 102(1) provides that "'after notice and a hearing' or a similar phrase ... means ... after such notice as is appropriate in the particular circumstances and such opportunity for a hearing as is appropriate in the particular circumstances; but ... authorizes an act without an actual hearing if such notice is given properly and if ...such a hearing is not requested timely by a party in interest ..."

The Initial Order requires the Debtor and Debtor's counsel to review the docket in the case, including the claims register, sufficiently in advance of the plan confirmation hearing to file appropriate pleadings or to take such other action as may be necessary to prosecute the case effectively and efficiently, *i.e.* to have it ready for hearing and adjudication on the assigned hearing date. If any such pleadings are necessary, they must be filed timely, must comply with the Initial Order, and must be served properly.

 Dismissal of a case is appropriate if the Debtor is responsible for unreasonable delay that is prejudicial to creditors.[34] If the debtor has done what is necessary to cause the chapter 13 trustee to recommend confirmation prior to the hearing,[35] and if there are no objections to confirmation filed by creditors, the Court will either confirm the case without further proceedings or if the Court requires evidence on one or more issues the Court may continue the case to a subsequent date to give the debtor an opportunity to prepare for the hearing on those issues.

**33.** "Most courts have held that a bankruptcy court cannot dismiss a case *sua sponte* under section 1307 or analogous sections in other chapters of the Code. However, a 1986 amendment to section 105(a) of the Code gives the court the power to *sua sponte* take any action necessary to enforce or implement court orders or rules, or to prevent an abuse of process, and that section, as amended, presumably would give the court the power to dismiss a case *sua sponte.*" *Collier on Bankruptcy, 15th Ed.* ¶ 1307.03[2].

**34.** Bankruptcy Code § 1307.

**35.** The recommendation is published on the trustee's internet site, a printed copy of which is furnished to the court a day or so prior to the confirmation hearing.

However, if the trustee has not recommended confirmation or if there are objections to confirmation timely filed by creditors, the debtor and counsel must be prepared to carry the burden of proof for plan confirmation on the assigned date of the confirmation hearing. If the debtor and counsel are unable to do that, if the failure is without good reason,[36] and if the delay is prejudicial to creditors, then the Court may dismiss the case. Failure to review the claims docket, failure to file timely objections to claims and motions to value collateral, and any other failure to comply with the Initial Order are very substantial factors that the Court will consider in determining whether there is unreasonable delay prejudicial to creditors. Since the Bankruptcy Code authorizes the Court to dismiss on its own authority after notice and a hearing, the Court may dismiss the case on a motion filed by the trustee even if the trustee elects not to proceed with the motion, provided that the trustee's motion gave reasonable notice of the issues to be considered and the time and date on which the hearing was to be conducted. If the trustee's motion and notice did not give reasonable notice, the Court may announce in open court the matters to be considered and the date on which the hearing will be held.

■■■■ However, if there is a good reason that the debtor has been unable to prepare the case adequately for confirmation at the first confirmation hearing, then the Court will continue the matter to a subsequent date. There may be other reasons for continuance, depending on the circumstances of the case. But in general, the debtor must make reasonable effort to prepare the case for adjudication at the first date set for plan confirmation.

### Conclusions in This Case

■■■■ It is not clear why the chapter 13 trustee did not object to plan confirmation based on the disparity between the Chrysler proof of claim and the Debtor's proposed treatment of the Chrysler claim. But the fact is that the trustee did not.

The Court cannot understand why the Debtor and Debtor's counsel waited from August 25 (when they were served with a copy of the Chrysler claim) until December 7 to file pleadings necessary to value the collateral. That valuation was a necessary element of the Debtor's burden of proof for the December 21 hearing on plan confirmation. The only apparent explanation is that it has been accepted practice in the Southern District of Texas for debtor's counsel to react to trustee objections to plan confirmation rather than taking responsibility for plan confirmation. This Court has tried to communicate that this practice is not acceptable, but has not previously published a complete explanation of the necessity for debtors and their counsel to take responsibility for effective and efficient prosecution of their cases. This opinion serves as that notice, at least for division H2 of this Court.

Because this is the first extensive, published explanation of this analysis and these requirements, the Court will make an exception in this case, and for 90 days in other cases if appropriate, to allow coun-

---

**36.** "Good" reason is not meant to imply exceptionally stringent standards. Presumably, any human act (or failure to act) has some reason, so not all reasons would justify a continuance. For example, simple lethargy could be the reason for failure to have prepared a case properly for the confirmation hearing, but it would not be a "good" reason for continuance. By contrast, inability to file an objection to a claim or a motion to value collateral timely because the creditors' claim was filed less than 20 days before the confirmation hearing would be a good reason for continuance.

sel to adapt their procedures and practices.

CONCLUSION

All counsel should take notice that they should review with care the Initial Order issued in chapter 13 cases (and should review with care *all* case management orders). In chapter 13 cases, debtors and counsel should prepare their cases for confirmation at the first hearing scheduled on plan confirmation. This includes the requirement to review the entire court record (including the claims register) at least 30 days prior to the confirmation hearing and the necessity to take timely action to resolve all pending issues at (or prior to) the confirmation hearing. If debtors and counsel make reasonable effort to prosecute cases effectively and efficiently, the Court will grant extensions to conclude matters that could not, with reasonable diligence, have been concluded at the first confirmation hearing. If debtors and counsel fail to do so, debtors can expect dismissal of the cases. Dismissal may be with or without prejudice, depending on all the facts and circumstances.